United States District Court
Southern District of Texas
**ENTERED**
November 17, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION H-06-181 |
| v. | § | |
| | § | CIVIL ACTION H-16-3372 |
| DAVID VELASCO | § | |

### ORDER OF DISMISSAL

Pending before the Court is the *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by Defendant David Velasco. (Docket Entry No. 415.) Because the motion is barred by the one-year limitation appearing in 28 U.S.C. § 2255(f), the Court DISMISSES the motion, as follows.

Defendant challenges the sentence entered against him by this Court on February 15, 2008. He acknowledges that he is well past the one-year limitation set forth in section 2255(f)(1), but claims that he is entitled to proceed under section 2255(f)(3). This latter section provides that the one-year limitation period can be calculated from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

In setting forth the "newly recognized" law made the basis of his section 2255 motion, Defendant expressly cites and relies on the Fifth Circuit Court of Appeals' recent decision in *United States v. Hinkle*, 2016 WL 4254372 (5th Cir. August 11, 2016). *Hinkle* provides no basis for holding petitioner's motion timely filed, as it is not a Supreme Court decision.

Petitioner does not meet the requirements of section 2255(f)(3), and his section 2255 motion is untimely.

Defendant's section 2255 motion (Docket Entry No. 415) is DISMISSED WITH PREJUDICE as barred by limitations. A certificate of appealability is DENIED.

Signed at Houston, Texas on November 16, 2016.

_____
Gray H. Miller
United States District Judge